## Commonwealth *v.* Thompson, Appellant.

*Crimes—Pointing pistol—Act of May 8, 1876—Evidence.*

In a prosecution under the Act of May 8, 1876, P. L. 146, for playfully or wantonly pointing a pistol at the prosecutor, where there was ample evidence to warrant a finding that defendant had wantonly, i. e. recklessly, pointed a pistol as set forth in the indictment, it was not error for the lower court to refuse binding instructions in favor of the defendant, requested on the ground that the evidence of the Commonwealth showed the alleged pointing of the pistol had not been done playfully.

Argued October 13, 1919. Appeal, No. 1, April T., 1920, from judgment of Q. S. Beaver County, Sept. Sessions, 1918, No. 18, on verdict of guilty in the case of Commonwealth v. R. D. A. Thompson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Indictment for playfully or wantonly pointing a pistol. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

150 COMMONWEALTH v. THOMPSON, Appellant.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were the refusal to give binding instructions in favor of the defendant, and the charge of the court as quoted in the opinion of the Superior Court.

*Wm. A. McConnel*, for appellant.

*Louis E. Graham*, District Attorney, and with him *Frank H. Laird*, for appellee.

OPINION BY KELLER, J., February 28, 1920:

The defendant was convicted of having violated the provisions of the Act of May 8, 1876, P. L. 146, by playfully or wantonly pointing a pistol at the prosecutor, James Umstead. The first assignment of error is directed to the refusal of the court below to give binding instructions in favor of the defendant because the evidence of the Commonwealth showed the alleged pointing of the pistol was not done playfully. The act forbids the pointing or discharge of a gun, pistol or other firearm at any other person playfully or wantonly. We are not to assume that the legislature made use of the two adverbs without purpose or that the words are to be construed in this connection without distinction or difference. In addition to its meaning of playfully, wantonly is defined as, recklessly, without regard for right or consequences. There was ample evidence introduced by the Commonwealth, if believed by the jury, to warrant a finding that the defendant had wantonly, that is, recklessly and without regard for right or consequences, pointed a pistol at the prosecutor. The first assignment is overruled.

The remaining assignment is to the charge of the court. The prosecutor, who was a boss painter and had a contract to do some painting at the works of which the defendant was general manager, had words with the defendant as to who was to sweep out the rooms prepara-

tory to their being painted, which resulted in the defendant ordering the prosecutor and his workmen off the job and out of the building. The prosecutor and his witnesses testified that with the order to get out, the defendant drew a pistol and pointed it at the prosecutor. The defendant admitted that he had drawn a pistol, but denied that he had pointed it at Umstead. There was no testimony produced on either side of any menaces or threats from which the necessity for the use of a firearm might be inferred. The learned trial judge, after explaining the nature of the offense charged, carefully instructed the jury that the defendant was within his rights in ordering the prosecutor from the premises and that he had a right to use whatever force was reasonably necessary to eject him; that if the defendant did nothing more than draw his revolver, he was not guilty under the indictment; that he was presumed to be innocent and the burden was on the Commonwealth to satisfy them of his guilt beyond a reasonable doubt, with a full and correct explanation of what was meant thereby. In the course of his charge he used the language assigned for error: "I take it to be the law, and I so instruct you, that nothing that has been shown of the circumstances surrounding this case, would justify Mr. Thompson in either playfully or wantonly pointing a firearm at Mr. Umstead. As I have explained, if Mr. Umstead refused to leave the premises, Mr. Thompson had the right under the law to use whatever force was reasonably necessary to eject him, after permitting Mr. Umstead to have sufficient time to remove his property with him. But that right to eject, I take it, would not permit Mr. Thompson to wantonly or even playfully point a firearm." It can scarcely be said in view of the substance of the charge before adverted to, that this amounted to an instruction to find the defendant guilty, as argued by the appellant. It must be remembered that the defendant had not admitted pointing the revolver and attempted to justify such action on the ground that it was necessary to en-

force his order to the prosecutor to leave the building. He denied having pointed it at all and even his own account of the dispute furnished no justification for pointing a revolver at the prosecutor. We are, therefore, of opinion that considered as a whole, the charge was not erroneous, and the assignment is without merit.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence heretofore imposed may be carried into execution.