Commonwealth *v.* Anspach, Appellant.

Argued September 30, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Paul A. Mueller,* of *Windolph & Mueller,* for appellant.

*William C. Rehm,* with him *Chas. W. Eaby,* District Attorney, for appellee.

. OPINION BY BALDRIGE, J., November 19, 1936:

A complaint was filed before a justice of the peace under the Act of March 29, 1869, P. L. 22 (18 PS 3104), charging that the appellant "did ...... wantonly and cruelly ill treat, and otherwise abuse a certain chicken, by having said chicken confined in a five gallon glass bottle." He was convicted and fined $10 and costs. Upon an appeal to the court of quarter sessions, the case was heard de novo, the defendant was adjudged guilty, and the same sentence was imposed. This appeal followed.

Our duty is to determine if there was evidence to support the finding and if the law was properly applied. To sustain this conviction, it must appear that the appellant's act complained of was cruel and done recklessly without regard for the consequences: *Com. v. Thompson,* 74 Pa. Superior Ct. 149; *Com. v. Devenney,* 103 Pa. Superior Ct. 83, 156 A. 809.

The undisputed evidence discloses that a small chicken, two weeks old, was placed in a glass bottle or container by the appellant, manager of a Sears, Roebuck & Company Store, for the purpose of advertising a special food, which, together with water, was regularly given this chicken. The glass container was nineteen inches high, had three holes in it for three-way ventilation and feeding, with a wire netting on which the chicken stood. Complaint of the appellant's action was made to an officer of the Women's Pennsylvania Society for the Prevention of Cruelty to Animals. When agents of that society called upon appellant, he informed them that before placing the chicken in the container he consulted "the authorities" and they made no objection. He immediately told the agents that he would, and he did, remove the chicken from its glass coop. The complaint, nevertheless, was lodged with the justice of the peace.

It was admitted upon the part of the Commonwealth

that the chicken was not undernourished or unhealthy in any respect. It evidently was in exceptionally fine condition when it was removed from the bottle at the end of three weeks as it weighed sixteen ounces, while the standard weight of a chicken of that age is but eight ounces.

Witness Mulvaney, agent of the society summoned from Ardmore to make this complaint by the local agent who said he felt he ought to have assistance in the case, admitted that on all chicken farms where brooders are used chickens are kept in drawers with wire bottoms and have less head room and are more crowded than this chicken was. E. J. Lawless, Jr., a graduate of Cornell University, who specialized in poultry and is in charge of the egg and poultry marketing of the Pennsylvania Department of Agriculture, testified, without objection, that in his opinion no cruelty whatever was practiced by the appellant; that many chicks are grown in battery brooders until they are four or five weeks old; that they are placed in a drawer of a depth of eight or nine inches and each chicken occupies a very much less space than the one alleged to have been cruelly treated; that there is an advantage in keeping chickens on a wire floor raised from the ground as it is more sanitary; that in his judgment the chicken had sufficient air and ventilation; that most chickens today, if properly raised, are placed on wire floors in brooder houses and the general commercial practice is tending toward chicken cages.

It does not follow that because this chicken did not have its freedom the act of the appellant was cruel and done recklessly without regard for the consequences. Horses and cows are kept in stalls, especially during the winter, for indefinite periods, and have no more opportunity to move than this small chicken had. It could not be successfully maintained that owners of stock for so doing are guilty of such cruel treatment to their animals that would justify a prosecution.

Taking into consideration the care given this chicken, its healthy condition and unusual growth, the appellant's action in immediately removing it from the glass coop when objection was made, and the treatment it is customary to give chickens of that age, we are convinced that the evidence did not establish deliberate cruelty by the appellant.

Judgment reversed.

KELLER, P. J., dissents.